IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 APR -5 PM 3:04

U.S.          COURT
N.D.       ALABAMA

CITIFINANCIAL MORTGAGE COMPANY, )
INC.; CITIGROUP INC.;
CITIFINANCIAL COMPANY;          )
ASSOCIATES FIRST CAPITAL
CORPORATION OF NORTH AMERICA    )
AND ASSOCIATES FINANCIAL
SERVICES COMPANY, INC.;         )
CITIFINANCIAL CORPORATION,
LLC (f/k/a CITIFINANCIAL        )
CORPORATION 216, LLC, f/k/a
ASSOCIATES FINANCIAL SERVICES   )
COMPANY OF ALABAMA, INC.
                                )
    PLAINTIFFS,
                                )
VS.                                      CV-03-H-3156-S
                                )
DORIS J. BUTLER,
                                )
    DEFENDANT.

**ENTERED**

**APR - 5 2004**

MEMORANDUM OF DECISION

The court has before it plaintiffs' February 26, 2004 motion for summary judgment and supporting memorandum. Defendant has failed to oppose plaintiffs' motion by any means. Pursuant to the February 27, 2004 order, the motion was deemed submitted for decision as of March 26, 2004. For the reasons articulated below, plaintiffs' motion is due to be granted.

## I.     Background

On November 25, 2003, plaintiffs, invoking this court's jurisdiction under 28 U.S.C. § 1332, filed a petition seeking an order compelling arbitration under the Federal Arbitration Act, 9 U.S.C. § 4.  The petition recites that plaintiffs currently have a separate suit pending against defendant, Butler, in the Circuit Court of Jefferson County, Alabama.  In that state suit, Butler has filed a counter-claim against plaintiffs.  It is that state court counter-claim that plaintiffs seek to have compelled to arbitration.

## II.    Undisputed Facts

The following facts are undisputed.  Defendant obtained loans from one of the named plaintiffs, Associates Financial Services of Alabama on June 14, 1996 and July 23, 1997.  (See Pl.'s Exh. A.)  In connection with each of those loans, defendant signed an arbitration agreement.  (See id.)  Those agreements require defendant to arbitrate the claim she asserts via counter-claim in a lawsuit styled CitiFinancial Mortgage, Inc. v. Butler, which is presently pending in the Circuit Court of Jefferson County, Alabama (Civil Action #CV-2003-1668).  (See id.) Specifically, the arbitration agreements signed by defendant

2

provide that "[t]his agreement applies to all claims and disputes between you and us." (Id.)[1]

In addition, the loan transactions in connection with which the defendant executed the arbitration agreements were interstate in nature. The loans were funded with capital sources from New York and other states other than Alabama. (See Pl.'s Exh. B.)

### III. Discussion

All of the Federal Arbitration Act's prerequisites for enforcement are met. See 9 U.S.C. § 2. There exists a written agreement to arbitrate claims. There is a nexus to interstate commerce. And the arbitration agreement covers the asserted claim. Therefore, the arbitration agreement is valid and enforceable by this court.

Further, the court finds that no material issues of fact remain and that plaintiffs are entitled to judgment as a matter of law as to their petition to compel arbitration. A separate order to that effect will be entered. Accordingly, defendant will be directed in that separate order to refrain from further pursuing the counterclaim she currently has pending against plaintiffs in the Circuit Court of Jefferson County, Alabama

---

[1] "Us" is defined by the arbitration agreement as "any of [Associates Financial Services of Alabama's] employees or agents, any of [Associates Financial Services of Alabama's] affiliate corporations, and any of their employees or agents. Affiliate corporations are [Associates Financial Services of Alabama's] our parent corporations, subsidiary corporations, and sister corporations." (Pl.'s Ex. A.)

(<u>CitiFinancial Mortgage, Inc. v. Butler</u> [Civil Action #CV-2003-1668] June 3, 2003 Counter-Claim) in any forum and in manner other than as set out in the Arbitration Agreements attached as Exhibit 1 to the Declaration of Teresa M. Baer filed herein February 26, 2004.

DONE this 5th day of April, 2004.

                                        /s/ James H. Hancock
                                  SENIOR UNITED STATES DISTRICT JUDGE